UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JADE LEANNE B.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

Defendant.

Case No. 2:25-cv-00175-TLF

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of defendant's denial of plaintiff's application for disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to the jurisdiction of a Magistrate Judge. Dkt. 2. Plaintiff challenges the ALJ's decision finding that plaintiff was not disabled. Dkt. 5, Complaint.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed a claim for DIB in November 2019 alleging disability beginning June 18, 2019. AR 59. Her application was denied initially and upon reconsideration. AR 85, 91. ALJ Elizabeth Watson held a hearing on June 4, 2021, and subsequently found plaintiff not disabled. AR 940-55. The Appeals Council declined plaintiff's request for review, and plaintiff filed an action in this Court. AR 960-62. On June 20, 2023, this Court reversed and remanded the claim for further proceedings. *See Jade Leanne B. v.*

1

*Comm'r of Soc. Sec.,* 2023 WL 4102681 (W.D. Wash. June 20, 2023). ALJ Cecilia LaCara held a second hearing on July 16, 2024, and issued an unfavorable decision on September 26, 2024. AR 866-83.

The ALJ found that plaintiff's ulcerative colitis, substance abuse and addiction disorder, anxiety, depression, borderline personality disorder, and post-traumatic stress disorder ("PTSD") were severe impairments. AR 868. Plaintiff had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b) except:

> She can lift up to 20 pounds occasionally and up to 10 pounds frequently. She is limited to standing and/or walking for up to 6 hours in an 8-hour workday and sit for up to 6 hours in an 8-hour workday with normal breaks. She should never climb ladders, ropes, or scaffolds. She can frequently climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. She is limited to simple, routine tasks, with occasional interaction with the public and occasional changes in the workplace.

AR 871-72. The Appeals Council denied plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed to this Court.

## DISCUSSION

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017) (internal citations omitted). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (internal citations omitted). The Court must consider the administrative record as a whole. *Garrison v. Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). The Court also must weigh both the

2

evidence that supports and evidence that does not support the ALJ's conclusion. *Id.* The Court may not affirm the decision of the ALJ for a reason upon which the ALJ did not rely. *Id.* Rather, only the reasons identified by the ALJ are considered in the scope of the Court's review. *Id.*

Plaintiff argues that the ALJ failed to comply with this Court's previous remand order and repeated the mistakes made by the previous ALJ in evaluating the medical opinion evidence and her symptom testimony. Dkt. 9 at 1-2.

**1. Medical evidence.**

Under the regulations applicable to this case, the ALJ was required to articulate how persuasive she found each medical opinion or prior administrative medical finding and explain how she considered supportability and consistency in her analysis. 20 C.F.R. § 404.1520c(b)(2). Supportability means the extent to which a medical source supports their opinion by explaining the relevant medical evidence. *Woods v. Kijakazi*, 32 F.4th 785, 791-92 (9th Cir. 2022). Consistency means the extent to which an opinion is consistent with the evidence from other medical and non-medical sources in the claim. *Id.* at 792. An ALJ cannot reject an opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence. *Id.*

**a.  Kindra Clark-Snustad, ARNP**

In May 2021, plaintiff's treating provider, Ms. Clark-Snustad, wrote a letter describing plaintiff's history of ulcerative colitis and stated that plaintiff would likely continue to have unpredictable, intermittent flares of her disease that would lead to symptom exacerbation and disability. AR 858. She also opined that plaintiff would miss work more than twice a month due to her condition, would require additional breaks

beyond those customarily scheduled, and would require accommodations such as flexible scheduling to sustain employment. AR 860.

The ALJ found Ms. Clark-Snustad's opinion unpersuasive because it was not well supported or consistent with the overall record, copying the first decision's reasoning nearly verbatim. *Compare* AR 879-80 *and* AR 952-53. Because the ALJ has adopted the rationales from the first decision, she has erred for the same reasons previously articulated by this Court. *See Jade Leanne B.*, 2023 WL 4102681, at *5-6.

The ALJ supplemented the analysis from the first decision with one additional sentence, stating that plaintiff "has been periodically treated for abdominal pain flares, but the record did not suggest that the physical or diagnostic evidence was significant enough to impact the claimant's capacity to perform light level exertional activity." AR 880. The ALJ did not specify what this "physical or diagnostic evidence" was or explain supportability concerns, or inconsistency relating to how such evidence was inconsistent with Ms. Clark-Snustad's opinion. Without more, such vague reference to this evidence is insufficient to demonstrate any meaningful inconsistency with the opinion. *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988) ("The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct."). In any event, it is unclear why such findings would undermine Ms. Clark-Snustad's opinion, as she did not opine on plaintiff's exertional capacity. Thus, the ALJ erred in her analysis of Ms. Clark-Snustad's opinion.

**b. Christine Harmon, M.D., and Richard Barnes, M.D.**

Dr. Harmon and Dr. Barnes, the state agency medical consultants, found plaintiff could perform a full range of medium work, but her exertional functioning would be limited during flares of her ulcerative colitis due to fatigue and frequent bathroom use. AR 79. The ALJ found the opinions unpersuasive because they were inconsistent with the record as a whole. AR 880.

Though phrased differently, the ALJ largely adopted the same rationale from the first decision, finding that plaintiff "does not appear to require a special limitation relating to access to a restroom as her diarrhea symptoms were reported to be fairly well controlled and she only has intermittent flares." AR 881. This Court previously rejected this rationale, finding the ALJ's analysis was "not sufficiently specific for the Court to meaningfully review it" because the ALJ failed to "identify what evidence in the record supports a lesser degree of restriction without frequent bathroom use" and how. *Jade Leanne B.,* 2023 WL 4102681, at *4.

The ALJ provided citations to the record. AR 881. First, she cited a treatment note in which plaintiff had normoactive bowel sounds with no guarding or abdominal tenderness. AR 881 (citing AR 285). The ALJ also found the opinions inconsistent with a treatment note showing plaintiff reported "feeling ok" during a visit with her digestive health provider. AR 881 (citing AR 821). Finally, the ALJ stated that physical and diagnostic examination findings from emergency room visits for abdominal pain did not suggest significant limitations relating to access to a bathroom. AR 881.

The ALJ may reject a doctor's opinions when they are inconsistent with or unsupported by the medical evidence. *Tommasetti v. Astrue*, 53 F.3d 1035, 1042 (9th Cir. 2008). But "the agency [must] set forth the reasoning behind its decisions in a way

that allows for meaningful review." *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015). Normoactive bowel sounds, a report of "feeling ok," and unspecified examination findings do not constitute substantial evidence of unpersuasiveness – it is unclear how any of these citations would suggest that plaintiff did not require a limitation relating to bathroom access. Although the ALJ supplemented the analysis with citations to the record, she failed to specify how this evidence supported a lesser degree of limitation related to bathroom use. Accordingly, the ALJ erred in rejecting the opinions of Dr. Barnes and Dr. Harmon. *Embrey,* 849 F.2d at 421 ("To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required, even when the objective factors are listed seriatim.").

The Court notes that a medical expert, Dr. Subramaniam Krishnamurthi, testified at plaintiff's second hearing, but the ALJ did not discuss this testimony in her decision. AR 898-901. This was error, as the ALJ is required to articulate how persuasive she finds *all* the medical opinions and prior administrative medical findings in the case record. 20 C.F.R. § 404.1520c(b). On remand, the ALJ must articulate how persuasive she found Dr. Krishnamurthi's testimony and explain how she considered the supportability and consistency factors. *Id.*

**2. Plaintiff's statements regarding subjective symptoms**

In assessing a plaintiff's credibility, the ALJ must determine whether plaintiff has presented objective medical evidence of an underlying impairment. If such evidence is present and there is no evidence of malingering, the ALJ can only reject plaintiff's testimony regarding the severity of his symptoms for specific, clear, and convincing

reasons. *Ghanim v. Colvin,* 763 F.3d 1154, 1163 (9th Cir. 2014) (*citing Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007)).

"Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony." *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) (citing *Johnson v. Shalala,* 60 F.3d 1428, 1434 (9th Cir.1995)). But an ALJ may not reject a claimant's subjective symptom testimony "solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain." *Bunnell v. Sullivan,* 947 F.2d 341, 345 (9th Cir. 1991); *Byrnes v. Shalala*, 60 F.3d 639, 641-42 (9th Cir. 1995) (applying rule to subjective complaints other than pain). Treatment records cannot be cherry-picked; the ALJ must consider a particular record of treatment in light of the overall diagnostic record. *Ghanim,* 763 F.3d at 1164.

Plaintiff testified that she stopped working because of her stomach and mental health issues. AR 43. She stated that her stomach issues have always been "up and down," but her flares became more frequent. AR 44. She explained that she had to take extra breaks at work to sit down or go to the bathroom because of stomach pain. AR 48. Plaintiff also testified that her continued stomach pain caused her to be late for work. *Id.* Plaintiff stated that she needs to use the bathroom often, which is an "ongoing issue." *Id.* During flares, she could be in the bathroom for as little as 15-20 minutes, but there have been times when she's been in the bathroom for hours. AR 49. She stated that it depends on her symptoms; sometimes she needs to stay in the bathroom, but other times she needs to sit down and go back and forth. *Id.*

In her function report, plaintiff stated that the onset of her symptoms was acute and unpredictable which made it difficult for her to complete tasks as assigned. AR 199.

During flares, she needs to urgently use the bathroom several times a day and can spend hours on the toilet. AR 200. During flares she will take multiple showers a day to stay clean, but showering can be difficult due to abdominal pain. *Id.* She indicated that her condition affected her ability to lift, squat, bend, stand, reach, walk, sit, kneel, talk, climb stairs, complete tasks, and use her hands. AR 204.

Plaintiff contends that the ALJ repeated the mistakes made in the first decision and provided no new basis for rejecting her testimony. Dkt. 9 at 13-15. This Court found the first ALJ erred by requiring objective evidence to fully corroborate her symptoms and in failing to explain how or why plaintiff's activities of daily living were inconsistent with her alleged need to frequently use the bathroom. *Jade Leanne B.,* 2023 WL 4102681, at *3. Contrary to plaintiff's argument, the ALJ did provide additional reasons for rejecting her testimony. However, these reasons were not clear and convincing.

### a. Improvement with Treatment

The ALJ found plaintiff's alleged limitations inconsistent with evidence that her ulcerative colitis improved with treatment and her ability to control symptom flares with medication. AR 877 (citing AR 1248, 1267, 1281, 1285-86, 1291, 1293, 1298, 1299, 1301, 1303, 1305). An ALJ may discount a claimant's testimony based on evidence that the claimant's symptoms improved with treatment. *Wellington v. Berryhill,* 878 F.3d 867, 876 (9th Cir. 2017). That said, the mere fact that a person makes some improvement does not mean that the person can function in a workplace. *Holohan v. Massanari,* 246 F.3d 1195, 1205 (9th Cir. 2001). Evidence of improvement must be examined in the context of the record, and the examples chosen by the ALJ "must in fact constitute examples of a broader development." *Garrison,* 759 F.3d at 1018.

Although recent colonoscopies have shown plaintiff's condition to be in clinical remission, plaintiff has continued to report symptoms such as diarrhea, constipation, and abdominal pain to her providers. AR 378, 752-53, 1278, 1285. She has reported experiencing flares of symptoms at least once per month during her menstrual cycle and has sometimes reported experiencing multiple flares per month. *See* AR 791, 821, 1248, 1275, 1291, 1357. Although plaintiff's providers have noted improvement with Entyvio infusions every seven weeks, it is not clear that plaintiff's symptoms no longer significantly impact her ability to work. Accordingly, improvement with treatment was not a clear and convincing reason to discount plaintiff's testimony.

### b. Ability to Work

The ALJ explained that restroom related limitations were not warranted as plaintiff was able to work for significant periods of time at SGA levels during the timeframe under review without significant bathroom accommodations. AR 877. This finding is not supported by substantial evidence. The ALJ may consider any work done by a claimant when evaluating a disability claim. *Nadon v. Bisignano,* 245 F.4th 1133, 1136 (9th Cir. 2025). However, there is simply no evidence of what, if any, bathroom accommodations plaintiff had while working during the relevant timeframe. The ALJ may draw inferences logically flowing from the evidence, *Sample v. Schweiker,* 694 F.2d 639, 642 (9th Cir. 1999), but the ALJ may not speculate. The ALJ's conclusion that plaintiff worked without bathroom accommodations amounts to speculation and is not based on substantial evidence in the record. Accordingly, this was not a clear and convincing reason to reject plaintiff's testimony.

### c. Conservative Treatment

9

The ALJ also found that plaintiff's conservative treatment was indicative of her ability to work at the light exertional level with the limitations provided in the RFC. AR 879. Evidence of conservative treatment can be sufficient to discount a claimant's testimony as to the severity of their impairment. *Parra v. Astrue,* 481 F.3d 742, 751 (9th Cir. 2007). However, "a claimant cannot be discredited for failing to pursue non-conservative treatment options where none exist." *Lapeirre-Gutt v. Astrue,* 382 F. App'x 662, 664 (9th Cir. 2010). The ALJ did not identify more aggressive treatment plaintiff could have pursued or any treatment recommended by medical providers that plaintiff refused. Absent evidence suggesting more aggressive treatment options plaintiff could have pursued, conservative treatment was not a clear and convincing reason to reject plaintiff's testimony.

### d.  Activities of Daily Living

The ALJ found plaintiff's activities of daily living inconsistent with the alleged degree of limitation, adopting the analysis from the previous decision nearly verbatim. *Compare* AR 880 *and* 951. The ALJ provided no additional explanation of how or why plaintiff's activities of daily living (such as caring for her cat, driving a car, watching movies, and coloring) were inconsistent with her testimony. Accordingly, this was not a clear and convincing reason to reject her testimony.

### e.  Objective Medical Evidence

The only remaining basis for rejecting plaintiff's testimony is the lack of medical evidence. AR 879. However, an ALJ may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of symptoms. *Smartt v. Kijakazi,* 53 F.4th 489, 498 (9th Cir. 2022). Accordingly, even if the

10

lack of evidence qualified as a clear and convincing reason, it would not be sufficient because the ALJ has not provided other valid reasons to discount plaintiff's testimony.

**3. Whether the Court should reverse with a direction to award benefits.**

Plaintiff contends this case should be remanded for an award of benefits. Dkt. 9 at 17-18. When deciding whether to remand for an award of benefits, the Court must first determine whether the ALJ has failed to provide legally sufficient reasons for rejecting evidence. *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017). Second, the Court must determine "whether the record has been fully developed, whether there are outstanding issues that must be resolved before a determination of disability can be made, and whether further administrative proceedings would be useful." *Treichler v. Comm'r of Soc. Sec. Admin.,* 775 F.3d 1090, 1101 (9th Cir. 2014) (internal citations omitted). When such outstanding issues remain, the Court "cannot deem the erroneously disregarded testimony to be true; rather, the court must remand for further proceedings." *Dominguez v. Colvin,* 808 F.3d 403, 409 (9th Cir. 2015).

Only if the first two steps are satisfied can the Court determine whether, "if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Garrison,* 759 F.3d at 1020. Further, even if the Court reaches the third step and credits the improperly rejected evidence as true, "it is within the court's discretion either to make a direct award of benefits or to remand for further proceedings. *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017).

Based on a review of the record, the Court concludes that the record is not free from important and relevant conflicts. The vocational expert at the hearing testified that more than two absences per month and excess breaks during the workday would rule

out competitive employment. AR 912-14. Ms. Clark-Snustad, Dr. Harmon, and Dr. Barnes all opined that plaintiff may require extra bathroom breaks and absences during flares of her ulcerative colitis, but Dr. Subramanian testified that the need for extra bathroom breaks was not merited by the record. AR 66, 79, 860, 900. As noted above, the ALJ failed to articulate her analysis of Dr. Subramanian's opinion. The ALJ is responsible for resolving conflicts in medical testimony and resolving ambiguities. *Andrews v. Shalala,* 53 F.3d 1035, 1039 (9th Cir. 1995). Remand for further proceedings is necessary for the ALJ to consider Dr. Subramanian's opinion and resolve the conflict between this opinion and those of Ms. Clark-Snustad and the state agency medical consultants.

CONCLUSION

Based on the foregoing discussion, the Court concludes the ALJ improperly determined plaintiff to be not disabled. Therefore, the ALJ's decision is reversed and remanded for further administrative proceedings. On remand, the ALJ shall conduct a de novo hearing, allow plaintiff to present additional evidence, reevaluate the medical evidence and plaintiff's testimony, and proceed with the sequential analysis as necessary.

Dated this 12th day of March, 2026.

Theresa L. Fricke
United States Magistrate Judge